against creditors was a question of fact for the referee, which he has determined in favor of the defendants. The facts found by the referee are sufficient to sustain his conclusions of law, and, as there is no certificate that this case contains all the evidence, the findings of fact cannot be reviewed by this court; and it follows that the judgment must be affirmed, with costs.

McCONE, Appellant, v. GALLAGHER, Respondent. (Supreme Court, Appellate Division, First Department. October 23, 1896.) Action by Alexander C. McCone against Patrick Gallagher.

VAN BRUNT, P. J. This action was brought to recover damages alleged to have been sustained by the plaintiff, a workman employed by the defendant, through his negligence in furnishing an improper scaffold for the plaintiff to work upon. The case was tried and judgment was entered on the 7th of November, 1895, dismissing the complaint. On the 28th of March, 1896, the case was settled, and consisted of about 153 folios. The time to file the case under the rules —such time having been extended by defendant's attorney—expired on the 20th of April. A few days prior to the 15th of May the plaintiff's attorney applied to the defendant's attorney to open his default in failing to file the case within the time fixed by the rule, which was denied, and he was then informed that the defendant's attorney intended to move to dismiss the appeal because of his default. On the 18th of May the plaintiff's attorney applied to Judge Bookstaver, ex parte (knowing that he was in default and had no right to the order) for an order directing the case to be filed, which order was granted, although the plaintiff had been in default 28 days. On the 19th of May the plaintiff served upon the defendant's attorney 3 copies of the printed case, and on the 20th filed with the clerk of this court 15 or 16 copies. On the 19th of May the defendant's attorney served notice of motion to dismiss the appeal for failure to print and file the papers, and on the 20th of May returned the printed copies served upon him. On the 21st of May the plaintiff's attorney obtained an order to show cause, returnable May 25th, why his default in filing the case should not be opened. The motion to dismiss the appeal being made in this court, the papers were held until this motion to open the default was disposed of; but, it not having been disposed of in June, the motion to dismiss was granted, and an order entered. It is now asserted in the papers on the present motion that the court below held the motion to open the default until the decision of the motion to dismiss the appeal. Relief might very well have been granted, upon terms, to the plaintiff's attorney, had it not been for the fact of his imposition upon Judge Bookstaver in obtaining the order to file the case when he knew that he was in default. It does not seem to me that such practice can be countenanced, inasmuch as it appears upon the papers that it was done with deliberation, and with full knowledge that the attorney had no right whatever to the order. It may be urged that the fault of the attorney should not be imputed to the client. But it is difficult to see how frauds practiced upon courts can be prevented if no risk of jeopardizing his client's interest is run by the attorney, in getting that to which he knows he is not entitled. I am of opinion, therefore, that the motion should be denied.

On December 1, 1896, the following order was made by Mr. Justice VAN BRUNT on a motion to renew the application: "Ordered, that said motion be, and the same hereby is, granted, and the order made and entered herein on the 10th day of July, 1896, dismissing plaintiff's appeal, be and is vacated, upon the payment of $20 costs by the plaintiff to the defendant or his attorney; and in case the plaintiff (appellant) move before the special term of this court, within ten days from the entry of this order, to open his default in failing to have his case on appeal herein, as settled by the trial justice, signed, and ordered on file, within the time prescribed by the general rules of practice. And it is further ordered that the plaintiff's (appellant's) alleged case on appeal herein, signed by Hon. H. W. Bookstaver, the trial justice, on the 18th day of May, 1896, be stricken from the files of this court, and from the files of the clerk of the city and county of New York; and the clerk of the appellate division and the clerk of the city and county of New York are hereby directed to strike the alleged case on appeal herein from the files accordingly."

McCRANE, Respondent, v. FLUSHING & COLLEGE POINT ELECTRIC RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 9, 1897.) Action by James McCrane against the Flushing & College Point Electric Railway Company. No opinion. Motion for reargument and motion for leave to appeal to the court of appeals denied. See 43 N. Y. Supp. 385.

McGRAW, Appellant, v. FISKE, Respondent. (Supreme Court, Appellate Division, First Department. October 16, 1896.) Action by Thomas H. McGraw against Daniel W. Fiske. A. B. Fletcher, for appellant. I. A. Place, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

McHALE, Respondent, v. FIDELITY & CASUALTY CO., Appellant. (Supreme Court, Appellate Division, First Department. March 19, 1897.) Action by John McHale against the Fidelity & Casualty Company. No opinion. Motion denied, with $10 costs. See 43 N. Y. Supp. 894.

MacRAE v. GRAHAM. (Supreme Court, Appellate Division, First Department. March 19, 1897.) Action by Charles MacRae against Charles W. Graham. No opinion. Motion to amend notice of appeal granted, upon payment of $10 costs to the respondent.

MAGUIRE, Appellant, v. DREHER, Respondent. (Supreme Court, Appellate Division, Second Department. March 19, 1897.) Action by Charles E. Maguire against Christian W. C. Dreher. No opinion. Motion denied.

MAGUIRE, Appellant, v. DREHER, Respondent. (Supreme Court, Appellate Division,

Second Department. April 13, 1897.) Action by Charles E. Maguire against Christian W. C. Dreher. No opinion. Order affirmed, with $10 costs and disbursements to abide the event of the action.

MANHATTAN LIFE INS. CO., Respondent, v. AMERICAN SURETY CO., Appellant. (Supreme Court, Appellate Division, First Department. March 5, 1897.) Action by the Manhattan Life Insurance Company against the American Surety Company of New York. G. S. Hastings, for appellant. E. S. Rapallo, for respondent.

PER CURIAM. The order appealed from should be modified by requiring the plaintiff to renew its offer to exhibit to the defendant its books and the result of its investigation and accounting of and with the affairs of James G. West, and to stipulate that the defendant may avail itself of said offer without prejudice to its defense of nonliability. If the plaintiff refuses to renew such offer and to so stipulate, the motion, so far as the appellant claims particulars on page 13 of its brief upon this appeal, should be granted. If, however, the plaintiff renews such offer, and so stipulates, the motion should be denied. Costs of the motion in either case to abide the event. No costs of this appeal to either party.

MARLEY v. CITY OF COHOES. (Supreme Court, Appellate Division, Third Department. March 12, 1897.) Action by Kate Marley against the city of Cohoes. No opinion. Motion for reargument, or for leave to go to the court of appeals, denied, without costs to either party. See 42 N. Y. Supp. 1128.

MERRITT, Appellant, v. MERRITT, Respondent. (Supreme Court, Appellate Division, Second Department. March 19, 1897.) Action by John Merritt, as executor and trustee of Hannah B. Merritt, deceased, against George Merritt. No opinion. Order affirmed, with $10 costs and disbursements, to abide the event; plaintiff to have 20 days from the service of order on this decision in which to serve bill of particulars.

MERZ, Respondent, v. INTERIOR CONDUIT & INSULATION CO., Appellant. (Supreme Court, Appellate Division, First Department. October 16, 1896.) Action by Franz Merz against the Interior Conduit & Insulation Company. No opinion. Motion denied, with $10 costs. See 41 N. Y. Supp. 1123.

MEYER, Respondent, v. DAMM et al., Appellants. (Supreme Court, Appellate Division, First Department. April 9, 1897.) Action by Henry J. Meyer against Rudolph Damm and others. Gratz Nathan, for appellants. A. McCulloh for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

MILBOURNE v. ROYAL BEN. SOC. (Supreme Court, Appellate Division, First Department. April 15, 1897.) Action by T. Jefferson Milbourne against the Royal Benefit Society. No opinion. Motion denied. See 43 N. Y. Supp. 1026.

MOLLISON et al., Appellants, v. FLANNAGAN et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Gilbert Mollison and James Dowdle against Samuel J. Flannagan and John A. Flannagan. No opinion. Order affirmed, with $10 costs and disbursements.

MONROE COUNTY SAVINGS BANK, Respondent, v. UNITED STATES FIRE INS. Co., Appellant. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by the Monroe County Savings Bank against the United States Fire Insurance Company. No opinion. Judgment affirmed, with costs.

MONTGOMERY, Respondent, v. SARTIRANO et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 9, 1897.) Action by George C. Montgomery against Angeline Sartirano and William J. Ryan. No opinion. Order affirmed, with $10 costs and disbursements. See 44 N. Y. Supp. 1066.

MOONEY, Appellant, v. BYRNE et al., Respondents. (Supreme Court, Appellate Division, Second Department. March 16, 1897.) Action by Mary J. Mooney against Anastatia Byrne and others. No opinion. Judgment and order affirmed, with costs, on the authority of Mooney v. Byrne, 1 App. Div. 320, 37 N. Y. Supp. 388.

MOORE, Appellant, v. ELDRIDGE, Respondent. (Supreme Court, Appellate Division, Third Department. March 8, 1897.) Action by William Moore against Taylor J. Eldridge. No opinion. Judgment reversed as to that portion thereof relating to the east half of lot 57, and a new trial granted, and as to the west half affirmed, without costs of the appeal; all other costs to abide the event. All concur, except PUTNAM and MERWIN, JJ., dissenting. See 40 N. Y. Supp. 594; 41 N. Y. Supp. 1123.

MOOSBRUGGER v. FLECKENSTEIN et al. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Angela E. Moosbrugger against Joseph Fleckenstein, and 14 other actions. No opinion. Motion denied, with $10 costs.

MORIARITY, Appellant, v. CITY OF ALBANY, Respondent. (Supreme Court, Appellate Division, Third Department. March 9, 1897.) Action by Patrick Moriarity against the city of Albany. No opinion. Motion for reargument granted, without costs to either party. See 40 N. Y. Supp. 583.

MORRISSEY, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 20, 1897.) Action by Edith May Morrissey, an infant, by John L. Morrissey, Jr., her guardian ad litem, against the Nassau Electric Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

MOSER v. SCHEIB et al. (Supreme Court, Appellate Division, First Department. April 15, 1897.) In the matter of the application of Gregor Moser for a writ of certiorari against